IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01892-BNB

KYLE LEE HOUSTON,

    Plaintiff,

v.

DIST. ATT. ROBERT BOB WATSON,
C.D.O.C. DIR. ARISTEDES ZAVARAS,
C.D.O.C. MED. DIR. BARRY PARDUS,
S.C.F. WARDEN MILYARD,
S.C.F. MEDICAL BEV DAVIS,
S.C.F. LT. PAGE,
S.C.F. LT. HARRIS,
S.C.F. LT. THOMAS,
S.C.F. SGT. SIMPSON,
S.C.F. DOG HANDLER SOLO,
C.D.O.C. DOG DARWIN,
A.V.C.F. WARDEN ARELLANO,
A.V.C.F. INVESTIGATOR II KURTZ,
A.V.C.F. MEDICAL MICHELL NELSON, and
C.M.H.I.P. HOSPITAL DR. HUBERT SERVIS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 23 2010

GREGORY C. LANGHAM
                          CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Kyle Lee Houston, is a prisoner in the custody of the Colorado Department of Corrections and is incarcerated at the San Carlos Correctional Facility in Pueblo, Colorado. Mr. Houston, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights are being violated. He asks for money damages and injunctive relief.

The Court must construe the Complaint liberally because Mr. Houston is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Houston will be ordered to file an Amended Complaint and assert how each named party violated his constitutional rights.

Mr. Houston must assert personal participation by each named defendant. See *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Houston must name and show how each individual caused the deprivation of a federal right. See *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. See *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may **not** be held liable on a **theory of respondeat superior** merely because of his or her supervisory position. See *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that they cause. See *Dodds v. Richardson, et al.*, ___ F.3d ___, 2010 WL 3064002 (10th Cir. 2010) (Tymkovich, J., concurring).

Mr. Houston also is instructed that to state a claim in federal court, he must explain in his Amended Complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the

2

defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Houston file **within thirty days from the date of this Order** an Amended Complaint that is in keeping with the instant action. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Houston, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Houston fails within the time allowed to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED August 23, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01892-BNB

Kyle Lee Houston
Prisoner No. 62173
San Carlos Corr. Facility
1410 W. 13th Street
PO Box 3
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER** and **two copies of Prisoner Complaint form** to the above-named individuals on 8/23/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk