IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01892-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 22 2010

GREGORY C. LANGHAM
CLERK

KYLE LEE HOUSTON,

    Plaintiff,

v.

DIST. ATT. ROBERT BOB WATSON,
C.D.O.C. DIR. ARISTEDES ZAVARAS,
C.D.O.C. MED. DIR. BARRY PARDUS,
S.C.F. WARDEN MILYARD,
S.C.F. MEDICAL BEV DAVIS,
S.C.F. LT. PAGE,
S.C.F. LT. HARRIS,
S.C.F. LT. THOMAS,
S.C.F. SGT. SIMPSON,
S.C.F. DOG HANDLER SOLO,
C.D.O.C. DOG DARWIN,
A.V.C.F. WARDEN ARELLANO,
A.V.C.F. INVESTIGATOR II KURTZ,
A.V.C.F. MEDICAL MICHELL NELSON, and
C.M.H.I.P. HOSPITAL DR. HUBERT SERVIS,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Kyle Lee Houston, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the San Carlos Correctional Facility in Pueblo, Colorado. On August 23, 2010, the Court entered an order directing Mr. Houston to file an Amended Complaint that stated how each named defendant personally participated in violating his constitutional rights. Mr. Houston also was instructed to state what each defendant did to him, when the defendant did the action,

how the action harmed him, and what specific legal right he believes the defendant violated. Mr. Houston filed an Amended Complaint on September 21, 2010. The Amended Complaint is single-spaced and is fifty-three pages long.

The Court must construe the Amended Complaint liberally because Mr. Houston is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Houston will be ordered to file a Second Amended Complaint.

The Court has reviewed the Amended Complaint filed by Mr. Houston and finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple,

2

concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Mr. Houston fails to set forth a short and plain statement of his claims showing that he is entitled to relief; he has presented his claims in a narrative chronological format that is repetitive rather than asserting the claims in a short and concise format. therefore, Mr. Houston will be directed to file a Second Amended Complaint that complies with the pleading requirements of Rule 8. Mr. Houston is reminded that it is his responsibility to present his claims in a short and concise format.

Mr. Houston also is reminded that he must allege specific facts in his Second Amended Complaint that demonstrate how each named defendant personally participated in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Houston must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Houston further is reminded that to state a claim in federal court, the Second Amended "[C]omplaint must explain what each defendant did to him . . .; when

the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10thCir. 2007).

The Amended Complaint also is deficient because Mr. Houston failed to list in Section "A. Parties"all of the defendants that are named in the caption of the Amended Complaint. Mr. Houston further is instructed that Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. ***See*** D.C.COLO.LCivR 10.1E. and G. Therefore, Mr. Houston is directed to double-space the Second Amended Complaint. Accordingly, it is

ORDERED that Mr. Houston file, **within thirty days from the date of this Order**, a Second Amended Complaint that complies with the particulars of this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Houston, together with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that if Mr. Houston fails to comply with this Order within the time allowed the action will be dismissed without further notice

DATED September 22, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01892-BNB

Kyle Lee Houston
Prisoner No. 62173
San Carlos Corr. Facility
1410 W. 13th Street
PO Box 3
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 9/22/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk