IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01892-BNB

KYLE LEE HOUSTON,

    Plaintiff,

v.

DIST. ATT. ROBERT BOB WATSON,
C.D.O.C. DIRECTOR ARISTEDES ZAVARAS,
C.D.O.C. MEDICAL DIRECTOR BARRY PARDUS[1],
S.C.F. WARDEN MILYARD,
S.C.F. LIEUTENANT PAGE,
S.C.F. LIEUTENANT HARRIS,
S.C.F. LIEUTENANT THOMAS,
S.C.F. MEDICAL BEV DAVIS
S.C.F. SGT. SIMPSON,
S.C.F. DOG HANDLER SOLO,
C.D.O.C. DOG DARWIN,
A.V.C.F. WARDEN ARELLANO,
A.V.C.F. INVESTIGATOR II KURTZ,
A.V.C.F. MEDICAL MICHELL NELSON, and
C.M.H.I.P. HOSPITAL DR. HUBERT SERVIS,

    Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 1 6 2010

GREGORY C. LANGHAM
                CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

    Plaintiff, Kyle L. Houston, currently resides in Denver, Colorado. Mr. Houston, acting *pro se*, initiated this action, while he was incarcerated at the San Carlos Correctional Facility in Pueblo, Colorado, by filing a Prisoner Complaint pursuant to 42

---

    [1] Although in the caption of the Amended Complaint filed on October 20, 2010, Mr. Houston refers to one of the named defendants as "Barry Parous," in all other sections of the complaint form and in the original complaint Mr. Houston spells the defendant's last name "Pardus." The Court, therefore, spells the defendant's last name "Pardus."

U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. Mr. Houston seeks injunctive relief and money damages.

The Court must construe the Complaint liberally because Mr. Houston is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as a *pro se* litigant's advocate. See *id.* For the reasons stated below, the Court will dismiss Claim One, for the most part as legally frivolous, and will order a part of Claim One and Claims Two and Three drawn to a district judge and to a magistrate judge.

Mr. Houston's claims are based on an alleged attack by a dog that was participating in the Sterling Correctional Facility Dog Training Program on August 25, 2008. Specifically in Claim One, Mr. Houston asserts that Defendant District Attorney Robert Watson abused his authority and conspired with prison staff members, including Defendants Aristedes Zavaras, Milyard, Arrellano, Kurtz, Page, and Harris, in refusing to file criminal charges against the named defendants who were responsible for placing him in a prison facility where a "dysfunctional" dog was located and attacked him. Mr. Houston also asserts in Claim One that Defendant Arrellano interfered with his filing grievances and civil complaints regarding the attack.

" '[T]here is no question in this circuit that prosecutors are absolutely immune from liability for allegedly failing to conduct an adequate, independent investigation of

2

matters referred to them for prosecution.'" *Scott v. Hern*, 216 F.3d 897, 909 (10th Cir. 2000) (quoting *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1490 (10th Cir. 1991)). Further, a prosecutor's decision as to when to dismiss charges is entitled to absolute prosecutorial immunity because it is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); see also *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1268 (8th Cir. 1996) ("The decisions relating to the initiation and dismissal of cases are at the very heart of a prosecutor's function as an advocate for the state, and absolute immunity thus attaches to those decisions."). Moreover, absolute immunity "may attach even to such administrative or investigative activities 'when these functions are necessary so that a prosecutor may fulfill his function as an officer of the court.'" *Pfeiffer*, 929 F.2d at 1490 (quoting *Snell v. Tunnell*, 920 F.2d 673, 693 (10th Cir. 1990)). Thus, Defendant Watson is absolutely immune from liability under § 1983 for his decision not to prosecute. The denial of access claims asserted against Defendants Zavaras, Milyard, Arrellano, Kurtz, Page, and Harristhem in Claim One will be drawn to a district judge and to a magistrate judge.

In Claim Two, and in part in Claim One, Mr. Houston alleges that Defendants Harris, Thomas, Simpson, Page, and Solo knew that the dog was dysfunctional and dangerous and that he would attack for no reason, but they nonetheless placed Mr. Houston in the unit where the dog was housed resulting in the attack and the alleged serious injuries in Mr. Houston's intestinal area. In Claim Three, Mr. Houston alleges that Defendants Barry Pardus, Bev Davis, Michell Nelson, Aristedes Zavaras, and Dr. Hubert Servis were deliberately indifferent to his medical needs.

Claim One in part as asserted against Defendants Zavaras, Milyard, Arrellano,

3

Kurtz, Page, and Harris, and Claims Two and Three, as asserted against Defendants Arrellano, Harris, Thomas, Simpson, Page, Solo, Pardus, Davis, Nelson, Zavaras, and Dr. Servis, will be drawn to a district judge and to a magistrate judge.

Defendant Watson will be dismissed from the action as an inappropriate party to the action for the reasons stated above. Furthermore, Defendant Darwin, the dog that attacked Mr. Houston, is not a person for the purposes of 42 U.S.C. § 1983 and will be dismissed from the action. Accordingly, it is

ORDERED that Claim One, as it is asserted against Defendant Robert Watson shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(i) as legally frivolous. It is

FURTHER ORDERED that Defendant Darwin is dismissed as an inappropriate party to this action. It is

FURTHER ORDERED that Claims Two and Three, and parts of Claim One as it pertains to Mr. Houston's failure to protect claim and his denial of access to the grievance procedure and to the courts claim, as asserted against Defendants Milyard, Kurtz, Arrellano, Harris, Thomas, Simpson, Page, Solo, Pardus, Bev Davis, Michell Nelson, Aristedes Zavaras, and Dr. Hubert Servis, are ordered drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 15th day of December, 2010.

BY THE COURT:

*Zita Leeson Weinshienk*

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No.  10-cv-01892-BNB

Kyle Lee Houston
Prisoner No. 62173
3620 Holly Street
Denver, CO 80207

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on December 16, 2010.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk